**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


HOWARD HUDSON,                  :
                                         Civil Action No. 10-5159 (JBS)
            Petitioner,         :

      v.                        :           O P I N I O N

WARDEN,                         :

            Respondent.         :
```

**APPEARANCES:**

Howard Hudson, Pro Se
#25862-083
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, District Judge

Petitioner Howard Hudson, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has filed a motion for reconsideration (docket entry 4) of this Court's May 12, 2011 Opinion and Order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Having considered the motion pursuant to Fed. R. Civ. P. 78, this Court finds, for the following reasons, that the motion must be denied.

**BACKGROUND**

In his original petition, Petitioner argued that he was "actually innocent" of a sentencing enhancement regarding crack

cocaine sentences.  This Court found, in an Opinion entered on May 12, 2011 (docket entry 2), that Petitioner's claims seeking to amend his sentence were within the purview of the sentencing court, in this case, the United States District Court for the Eastern District of Virginia.

In his motion for reconsideration, Petitioner reasserts that this Court has jurisdiction over his claims because he is "actually innocent," and § 2255 remains unavailable.  Petitioner notes that because Congress amended the criminal statutes regarding crack cocaine and announced a new penalty, his conviction was subject to an intervening change of law that renders his criminal activity "non-criminal."  (Motion, at p. 2 of 5).  Significantly, this Court notes that during the pendency of this motion, Petitioner filed a Motion for the Reduction of Sentence in the sentencing court, asserting the same claims, which was dismissed.  See Hudson v. United States, 93-cr-156 (E.D. Va. Sept. 22, 2011) (docket entries 350, 415).  The dismissal was affirmed by the Court of Appeals for the Fourth Circuit on Sept. 30, 2011.  See id. (docket entries 416, 417).

## DISCUSSION

**A.    Rule 59(e)**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).

Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration.  See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an

---

[1] Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments

or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, Petitioner attempts to reargue his original claims. Thus, Petitioner is not entitled to relief on his motion under Local Civil Rule 7.1.

**B.    Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."

6

Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In this case, Petitioner has not demonstrated that he satisfies any of the "extraordinary circumstances" warranting 60(b) relief.  He simply disagrees with this Court's conclusion.  This Court also notes, as mentioned, that Petitioner's claims have been reviewed by the sentencing court, and the appropriate Court of Appeals.  Thus, this Court reaffirms that a transfer to the sentencing court is not "in the interests of justice," under 28 U.S.C. § 1631.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration will be denied.  An appropriate Order accompanies this Opinion.

        **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        United States District Judge

DATED: **November 23, 2011**